IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA LYNN MIONE MCGEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:15cv39-MHT-GMB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Melissa Lynn Mione McGee is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.[1]

**I. INTRODUCTION**

On July 20, 2012, McGee pleaded guilty under a plea agreement to aiding and abetting kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and 2.

A sentencing hearing was held on January 14, 2013. At sentencing, the district court adopted the factual statements contained in the presentence report, with specific findings that McGee's offense level as calculated under the Sentencing Guidelines would have been level 38, but for the fact that her offense involved a statutory mandatory minimum sentence of 25 years, or 300 months. *See* 18 U.S.C. §§ 1201(a)(1) & 3559(f)(2). An offense level of 38, when combined with McGee's criminal history category of I, would result in a guideline range of 235 to 293 months in prison. However, because the statutory mandatory minimum sentence was 300 months, McGee's guideline range was 300 months.

As provided in the plea agreement, the Government moved at sentencing for a downward

---

[1] References to document numbers ("Doc.") are to those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on McGee's substantial assistance.[2]  The Government requested only a two-level downward departure in McGee's offense level based on her cooperation, while her counsel asked for a five-level reduction.  After receiving testimony and hearing argument on the issue and finding that McGee was entitled to a downward departure based on her substantial assistance, the district court began its departure from an offense level of 39, which was the lowest offense level to include a 300-month sentence, the mandatory minimum sentence applicable to McGee.  From level 39, the court departed downward by four levels to level 35.  With an offense level of 35 and a criminal history category of I, McGee's guideline range became 168 to 210 months in prison.  The district court sentenced McGee to 210 months in prison, the top end of that guideline range.

McGee appealed, arguing that her sentence was substantively unreasonable because (1) it created a sentencing disparity with her two co-defendants, and (2) it was greater than necessary to achieve the purposes of sentencing provided in 18 U.S.C. § 3553(a).  On October 25, 2013, by unpublished opinion, the Eleventh Circuit affirmed McGee's conviction and sentence. *United States v. McGee*, 540 F. App'x 948 (11th Cir. 2013).  McGee did not petition the United States Supreme Court for certiorari review.

On January 14, 2015, McGee filed this § 2255 motion.  She presents the following claims for relief:

1. Her counsel rendered ineffective assistance at sentencing by—
   (a) failing to seek a downward departure in her sentence under U.S.S.G. § 5H1.3 based on her mental and emotional conditions;
   (b) failing to seek a downward departure under U.S.S.G. § 5H1.6 based on her family ties and responsibilities; and
   (c) failing to argue that her sentence was procedurally unreasonable.

---

[2] A motion under § 5K1.1 authorizes the sentencing court to depart below the applicable advisory guideline range in determining the advisory guideline sentence, and a § 3553(e) motion permits the court to sentence below a statutory minimum. *See Melendez v. United States*, 518 U.S. 120, 128-29 (1996).

2

    2. Her appellate counsel rendered ineffective assistance by—
        (a) failing to file a letter in the Eleventh Circuit citing additional authority under Fed.R.App.P. 28(j) arguing that her sentence violated the Supreme Court's recent holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and
        (b) failing to raise any other tangible claims on direct appeal besides the issue of the substantive reasonable of her sentence.

Doc. 1 at 4–8; Doc. 2 at 5–15.

After reviewing the pleadings, evidentiary materials, and relevant law, the court concludes that no evidentiary hearing is required and that under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, McGee's § 2255 motion should be denied.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B. Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that

"counsel's representation fell below an objective standard of reasonableness." *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *see Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Id.* at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).  "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry,

4

relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not pass judgment on the other prong. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish . . . that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. . . . Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

The Supreme Court has held a criminal defendant's appellate counsel is not required to raise all non-frivolous issues on appeal. *Jones v. Barnes*, 463 U.S. 745, 751–54 (1983). In so holding, the Court noted that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id*. at 751–52. Therefore, it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel presented other strong issues. *See Smith v. Robbins*, 528 U.S. 259, 287-88 (2000).

      1.    ***Downward Departure Based on Mental and Emotional Conditions***

McGee contends that her counsel rendered ineffective assistance at sentencing by failing to seek a downward departure in her sentence under U.S.S.G. § 5H1.3 based on her mental and emotional conditions. Doc. 1 at 4; Doc. 2 at 6–7.

> Section 5H1.3 provides:
> Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case

> from the typical cases covered by the guidelines. *See also* Chapter Five, Part K, Subpart 2 (Other Grounds for Departure).
> In certain cases a downward departure may be appropriate to accomplish a specific treatment purpose. *See* § 5C1.1, Application Note 6.
> Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release; *e.g.*, participation in a mental health program (*see* §§ 5B1.3(d)(5) and 5D1.3(d)(5)).

U.S.S.G. § 5H1.3.

Any attempt by McGee's sentencing counsel to seek a downward departure under § 5H1.3 would have been futile. Because McGee's mandatory minimum sentence was set by statute at 300 months, Sentencing Guidelines provision that would have reduced her sentence below that statutory minimum—other than a § 5K1.1 and § 3553(e) departure for substantial assistance, which she received—would be of no benefit.[3] *See, e.g. United States v. Ahlers*, 305 F.3d 54, 60 (1st Cir. 2002); *United States v. Valente*, 961 F.2d 133, 134-35 (9th Cir. 1992); 18 U.S.C. § 3553(e).[4] The offender-characteristic factors warranting departures set out in U.S.S.G. §§ 5H1.1–6 "may figure into sentencing decisions within a Guideline range, but are 'not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.'" *United States v. Smith*, 289 F.3d 696, 713 (11th Cir. 2002). The Government also correctly observes that the Eleventh Circuit has held that § 5H1.3 departures based on a defendant's mental and emotional conditions are permissible only if the defendant is involved in a non-violent crime. *See United States v. Dailey*,

---

[3] After a district court applies a § 5K1.1 and § 3553(e) departure for substantial assistance to reduce a defendant's sentence below the statutory minimum, the court cannot further reduce the sentence based on factors unrelated to the defendant's assistance. *See, e.g., United States v. Ahlers*, 305 F.3d 54, 60 (1st Cir. 2002); *United States v. Williams*, 474 F.3d 1130, 1131-32 (8th Cir. 2007).

[4] Section 3553(e) reads:
> Limited authority to impose a sentence below a statutory minimum.—
> Upon motion from the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e).

24 F.3d 1323, 1326–27 (11th Cir. 1994). McGee orchestrated and participated in the kidnapping of three children, in the course of which, at McGee's direction, McGee's co-defendants physically assaulted the children's parents. Therefore, a § 5H1.3 departure would not have been warranted in McGee's case even if it affected only her guidelines range and was not foreclosed by the applicable statutory minimum.

Because McGee was ineligible for a § 5H1.3 departure below her mandatory statutory minimum sentence, her sentencing counsel did not render ineffective assistance by failing to seek a downward departure on this basis. Counsel is not ineffective for failing to argue a meritless issue. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). McGee is entitled to no relief on this claim.

### 2. *Downward Departure Based on Family Ties and Responsibilities*

McGee contends that her counsel rendered ineffective assistance at sentencing by failing to seek a downward departure under U.S.S.G. § 5H1.6 based on her family ties and responsibilities. Doc. 1 at 5; Doc. 2 at 7–9.

> Section 5H1.6 provides:
> In sentencing a defendant convicted of an offense other than an offense described in the following paragraph, family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted.
> In sentencing a defendant convicted of an offense involving a minor victim under section 1201, an offense under section 1591, or an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code, family ties and responsibilities and community ties are not relevant in determining whether a sentence should be below the applicable guideline range.
> Family responsibilities that are complied with may be relevant to the determination of the amount of restitution or fine.

U.S.S.G. § 5H1.6.

The preceding discussion of offender-characteristic departures under § 5H1.3 applies with equal force to § 5H1.6. Because McGee's mandatory minimum sentence was statutorily set at 300

months, she could benefit from no guideline provision—such as § 5H1.6—to reduce her sentence below that statutory minimum other than a § 5K1.1 and § 3553(e) departure for substantial assistance. Moreover, § 5H1.6 specifically excludes McGee from consideration for a family ties and responsibilities departure because she was "convicted of an offense [kidnapping] involving a minor victim under section 1201 . . . of title 18." U.S.S.G. § 5H1.6. As before, McGee's sentencing counsel could not be ineffective for failing to argue a meritless issue. *See Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974. Consequently, McGee is entitled to no relief based on this claim.

### 3. *Procedural Reasonableness of Sentence*

McGee contends that her counsel rendered ineffective assistance at sentencing by failing to argue that her sentence was procedurally unreasonable. Doc. 1 at 7; Doc. 2 at 9–10.

A federal defendant's sentence is subject to review for both procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38 (2007). The factors a reviewing court should consider in determining procedural reasonableness include whether the district court properly calculated the guidelines range; improperly treated the guidelines as mandatory; failed to consider the factors in 18 U.S.C. § 3553(a);[5] selected a sentence based on "clearly erroneous facts"; or failed

---

[5] Section 3553(a) provides the following factors for the court to consider:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed-
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]
    (5) any pertinent policy statement[;]
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

to adequately explain its chosen sentence. *Id*. at 50–53.

In McGee's case, there is no evidence that the district court improperly calculated the guidelines range, improperly treated the guidelines as mandatory, failed to consider the factors set forth in § 3553(a), selected a sentence based on "clearly erroneous facts," or failed to adequately explain its sentence. *See Gall*, 552 U.S. at 50–53. Consequently, McGee's sentence was procedurally reasonable. McGee demonstrates neither deficient performance nor prejudice resulting from her sentencing counsel's failure to argue that her sentence was procedurally unreasonable. She is entitled to no relief based on this claim.

    *4.*    *Alleyne Claim*

McGee claims that her appellate counsel rendered ineffective assistance by failing to file a letter in the Eleventh Circuit citing additional authority under Fed.R.App.P. 28(j) arguing that her sentence violated the holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Doc. 1 at 8; Doc. 2 at 10–12 & 12–15. The Supreme Court decided *Alleyne* while McGee's case was pending on appeal. McGee argues that the district court engaged in improper judicial factfinding, in violation of *Alleyne*, when applying guideline sentencing enhancements in her case based on specific offense characteristics for kidnapping under U.S.S.G. § 2A4.1(b)(6) (four levels); a vulnerable-victim adjustment under U.S.S.G. § 3A1.1(b)(1) (two levels); and her role as an organizer or leader in the criminal activity under U.S.S.G. § 3A1.1(a) (four levels). Doc. 2 at 11.

In *Alleyne*, the Supreme Court held that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii), for brandishing or discharging a firearm, triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt. 133 S. Ct. at 2161–63. More broadly, the Supreme Court held that, except for prior convictions, "any fact that increases the mandatory

minimum is an 'element' that must be submitted to the jury" or admitted by the defendant. *Id*. at 2155. *Alleyne* thus overruled *Harris v. United States*, 536 U.S. 545, 557 (2002), which had earlier held that facts found by a judge could increase the statutory mandatory minimum sentence applicable to a defendant. *Alleyne*, 133 S. Ct. at 2155.

McGee's *Alleyne* claim is without merit. *Alleyne* expressly does not apply to factual determinations by the court affecting a defendant's sentencing guidelines range; instead, it applies only to determinations affecting the applicability of a *statutory* mandatory minimum sentence. *See id*. at 2163; *United States v. Rivera*, 558 F. App'x 971, 976 (11th Cir. 2014) ("Because the enhancement applied to Rivera only affected her Sentencing Guidelines range, not her statutory mandatory minimum or maximum, her reliance on *Alleyne* is misplaced."). McGee demonstrates neither deficient performance nor resulting prejudice from her appellate counsel's failure to argue that her sentence enhancements violated *Alleyne*. Her counsel cannot have been ineffective for failing to assert a meritless claim. *See Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

   5.   ***Failure to Argue Other Claims on Appeal***

McGee contends that her appellate counsel was ineffective for failing to raise claims on direct appeal other than the claim challenging the substantive reasonable of her sentence. Doc. 1 at 8; Doc. 2 at 10 & 12. However, McGee identifies no plausibly meritorious claim that her appellate counsel should have raised on direct appeal. Thus, she does not establish that her appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo*, 13 F.3d at 533. Failing to demonstrate deficient performance by counsel or any resulting prejudice, she is entitled to no relief based on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by McGee be DENIED and this case DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this recommendation or before **February 14, 2017**.  A party must specifically identify the factual findings and legal conclusions in the recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this 31st day of January, 2017.

*/s/ Gray M. Borden*
UNITED STATES MAGISTRATE JUDGE